AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| RUBEN RUIZ, JR. | ) | Case No:   2:18-cr-00056-JAM |
| | ) | USM No:   50881-298 |
| Date of Original Judgment:        04/23/2019 | ) | |
| Date of Previous Amended Judgment: | ) | Pro Se |
| *(Use Date of Last Amended Judgment if Any)* | ) | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C.
§ 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has
subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C.
§ 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10
and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in
the last judgment issued)* of _____ months **is reduced to** _____ .

Under 18 U.S.C. § 3582(c)(2), the Court may reduce a defendant's term of imprisonment that was based on a sentencing range that has subsequently
been lowered if a reduction is consistent with applicable policy statements.

Defendant moves for a sentence reduction given the modifications to U.S.S.G. § 4A1.1 by Amendment 821, effective November 1, 2023.  Section 4A1.1
applies retroactively.  U.S.S.G. § 1B1.10(d).

Although the amended version of § 4A1.1 would decrease Defendant's criminal history category from III to II, Defendant was sentenced to the
mandatory minimum term of imprisonment of 120 months.  Sentencing Minutes, ECF No. 28; 21 U.S.C. § 841(b)(1)(A); U.S.S.G. §5G1.1(b).  "[A]
defendant whose sentence is controlled by a statutory mandatory minimum is not eligible for a sentence reduction under § 3582(c)(2)" because the
"sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission but rather was based on the statutory
mandatory minimum . . . ."  United States v. Paulk, 569 F.3d 1094, 1095-96 (9th Cir. 2009), as amended (Aug. 6, 2009) (internal quotations and
citations omitted).

Because a sentence reduction is not authorized, the Court need not proceed to the second step of the inquiry and consider the 18 U.S.C. § 3553(a)
factors. See Dillon v. United States, 560 U.S. 817, 826-27 (2010).

Defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

Except as otherwise provided, all provisions of the judgment dated _____05/15/2019_____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date:        05/08/2024                                  /s/ John A. Mendez
                                                              *Judge's signature*

Effective Date: _____        John A. Mendez, Senior United States District Judge
        *(if different from order date)*                      *Printed name and title*